STATE of Utah, Plaintiff and Appellee,

v.

Danilo PASCUAL, Defendant
and Appellant.

No. 900274–CA.

Court of Appeals of Utah.

Jan. 11, 1991.

Randine Salerno (argued), and Gary L. Gale, Ogden, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen., and Charlene Barlow (argued), Salt Lake City, for plaintiff and appellee.

Before BENCH, GARFF and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

On June 25, 1988, Todd Salazar was shot and killed outside his home in Ogden, Utah. Defendant Danilo Pascual was subsequently convicted by a jury of criminal homicide in the second degree, in violation of Utah Code Ann. § 76-5-203 (1990). Defendant appeals his conviction on three grounds: (1) that plain error was committed when the court did not give a cautionary instruction on eyewitness testimony; (2) that he was denied the assistance of effective counsel; and (3) that the trial court abused its discretion in refusing to admit certain evidence. We affirm.

## FACTS

Although many of the facts concerning the incidents that led up to Salazar's death are in dispute, we recite the facts in a light most favorable to the decision of the fact finder. *See State v. Harper*, 761 P.2d 570 (Utah Ct.App.1988).

In the evening of June 25, 1988, a verbal argument started between some of defendant's friends and another group. The argument escalated and eventually twenty to forty individuals congregated in a nearby field to watch the anticipated fight. There is a question in the record as to who had weapons. The parties agree that neither defendant nor Salazar was involved in the altercation up to this point.

Defendant was inside his house when he heard shouting outside. He looked out and saw that a fight was about to take place. Defendant took his shotgun and one shell and went outside. Someone shouted, "He's got a gun," and the crowd that had assembled in the field scattered in several directions. The State's witnesses testified that at this point Salazar was on the porch of his home, while the defense witnesses testified that Salazar had joined the group in the field. The group ended up on the lawn in front of Salazar's house. In the ensuing altercation, Salazar was shot in the back. When the police arrived, Salazar was lying face down in his carport. No weapons were found on Salazar or in his house. Witnesses directed police to defendant's house, but defendant had fled. Shortly thereafter defendant surrendered to police and admitted to having shot Salazar.

Defendant's defense at trial was he swung his shotgun at Salazar because Salazar had a knife, and the gun accidentally discharged. The jury convicted defendant of criminal homicide in the second degree, a first-degree felony.

## THE EYEWITNESS INSTRUCTION

Defendant first claims it was plain error for the trial court not to give a cautionary instruction to the jury regarding eyewitness testimony.[1] Relying on *State v. Long*, 721 P.2d 483 (Utah 1986), defendant asks this court to require a trial court to give the jury a cautionary instruction in any case where an eyewitness testifies about the facts of the case. The court in *Long* held that the trial court should have cautioned the jury about the reliability of eyewitness testimony because "the State's case hinged on the uncorroborated eyewitness testimony of a single witness— the victim of the crime." *Id.* at 487. The

---

1. This issue was not raised in the trial court and therefore was not properly preserved for appeal. However, "[n]otwithstanding a party's failure to object, error may be assigned to instructions in order to avoid a manifest injustice." Utah R.Crim.P. 19(c). In most circumstances, the term "manifest injustice" is synonymous with the "plain error" standard expressly provided for in Utah R.Evid. 103(d). *State v. Verde*, 770 P.2d 116, 122 (Utah 1989). Because defendant raises this issue as one of "plain error," we will consider it on appeal.

Utah Supreme Court concluded that a "more rigorous approach to cautionary instructions" than that which had been previously followed was appropriate. *Id.* at 488. Abandoning its previously held "discretionary approach" to cautionary jury instructions, the court held "in cases tried from this date forward, trial courts *shall give such an instruction whenever eyewitness identification* is a central issue in a case and such an instruction is requested by the defense." *Id.* at 492 (emphasis added).

The requested cautionary instruction in the present case goes to eyewitness testimony as to *circumstances,* not *identification.* Our facts are therefore distinguishable from those in *Long:* here the State's case hinged on the testimony of many witnesses, not a single witness; here a central issue was not whether defendant was properly identified as the perpetrator of the crime; and finally, here the jury was adequately instructed as to how to evaluate conflicting eyewitness testimony.

 Jury instructions must be taken as a whole. *State v. Bingham,* 684 P.2d 43, 45 (Utah 1984). Because the jury received several instructions that advised them of their responsibility in determining witness credibility, it was not error, let alone plain error, for the trial court not to give the *Long* eyewitness instruction.

## EFFECTIVE ASSISTANCE OF COUNSEL

Defendant next claims that he was denied the assistance of effective counsel. Defendant contends that trial counsel provided ineffective assistance on two bases: (1) counsel failed to object to jury instruction 10, and (2) counsel abandoned his theory of the case mid-trial.

 To successfully assert an ineffective assistance of counsel claim, a defendant must show that

(i) counsel's performance was deficient in some demonstrable manner so as to

fall below an objective standard of reasonable professional judgment, and (ii) there is a reasonable probability that but for the ineffective assistance, the result in the proceeding would have been more favorable to the defendant.

*State v. Butterfield,* 784 P.2d 153, 157 (Utah 1989) (citing *Strickland v. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 2064–68, 80 L.Ed.2d 674 (1984)). In most cases, failure of a defendant to demonstrate prejudice will dispose of the ineffective assistance of counsel claim. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed." *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.[2] Accordingly, we do not reach the question of "deficient performance" because defendant has failed to persuade us that the alleged errors prejudiced his trial.

### 1. Jury Instruction 10

 Defendant claims that instruction 10 defeated his claim of "self defense" under instruction 13. Instruction 13 states:

Conduct which is justified is a defense to prosecution for any offense based on the conduct. The defense of justification may be claimed when the actor's conduct is in defense of persons or property under the circumstances described as follows:

A person is justified in threatening or in using force against another when and to the extent that he reasonably believes that such force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or serious bodily injury only if he reasonably believes that the force is necessary to prevent death or serious bodily injury to himself or to a third person or

**2.** While we choose to address defendant's ineffective assistance claims by first reviewing the "prejudice" question, *Strickland* does not require a reviewing court to address this question before the "deficient performance" question.

*See Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069. The Utah Supreme Court has stated that "[a]ny implications to the contrary are in error." *State v. Carter,* 776 P.2d 886, 893 n. 27 (Utah 1989).

to prevent the commission of a forceable [sic] felony.

A person is not justified in using force under the circumstances listed above if he initially provokes the use of force against himself with the intent to use force as an excuse to inflict bodily harm upon the assailant.

Instruction 13 is virtually a restatement of Utah Code Ann. § 76–2–402(1) (1990) which provides:

> (1) A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such force is necessary to defend himself or a third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or serious bodily injury only if he reasonably believes that the force is necessary to prevent death or serious bodily injury to himself or a third person, or to prevent the commission of a forcible felony.

Not included in instruction 13 was subsection (2)(c) of the statute:

> (2) A person is not justified in using force under the circumstances specified in paragraph (1) of this section if he:
> . . . .
> (c) Was the aggressor or was engaged in a combat by agreement, unless he withdraws from the encounter and effectively communicates to such other person his intent to do so and the other notwithstanding continues or threatens to continue the use of unlawful force.

The essence of subsection (2)(c) was, however, included in instruction 10.[3] Instruction 10 states:

> You are instructed that in any prosecution for criminal homicide it shall be no defense to the prosecution that the defendant was a party to any duel, mutual combat, or other consenual [sic] altercation, if during the course of the duel, combat, or altercation any deadly weapon was used.

Defendant claims that instruction 10 improperly inferred he was the aggressor, or that he was involved in a combat by agreement. "The matter of self defense in determining whether homicide was justifiable [is] a question for the jury." *State v. Law*, 106 Utah 196, 147 P.2d 324, 327 (1944). Under section 76–2–402(2), the use of force of any kind is not justified if the person claiming the defense was the aggressor or was engaged in a combat by agreement. The language in instruction 10 states that, in "mutual combat," *only* the use of *deadly force* is *not* justified. Thus, although instruction 10 may not have been an accurate statement of the law, it certainly did not prejudice defendant. If anything, it overstated the available defenses. Therefore, defendant was not prejudiced by counsel's failure to object to this instruction.

### 2. Abandonment of Defense

Defendant next claims counsel formulated a defense theory and then abandoned it mid-trial. This alleged "theory" was that Salazar's death had been caused by gang tension. Defendant contends that, because counsel's opening statement referred to the gang affiliation of the parties and because some of the witnesses alluded to gang affiliation, counsel should have pursued that theory as a defense.

At trial, defendant based his defense upon accident and/or justification. He now claims that Salazar's death was the result of a gang war. The change in defense appears to be nothing more than a change in strategy. We "will not second-guess a trial attorney's legitimate use of judgment as to trial tactics or strategy." *State v. Wight*, 765 P.2d 12 at 15 (Utah App.1988) (citations omitted). We believe any election between inconsistent defenses was a legitimate exercise of trial strategy rather than ineffective assistance of counsel. *See State v. Morehouse*, 748 P.2d 217, 219

---

**3.** The qualifier "unless he withdraws ..." contained in the statute, and absent from the instruction, is not applicable to the facts of this case because defendant never claimed he withdrew from the fight.

(Utah Ct.App.1988). Therefore, the claim is without merit.

We find no ineffective assistance of counsel in this case.

## EXCLUSION OF EVIDENCE

 Defendant's last claim of error addresses the trial court's refusal to admit evidence of a fire in defendant's house two days after the shooting. Defendant argues this evidence should not have been excluded because it was relevant to why he did not go home after the shooting incident.

"In reviewing a challenge to a trial court's ruling on the admissibility of evidence, we will not disturb the ruling unless it clearly appears that it was in error." *State v. Mitchell*, 779 P.2d 1116, 1118 (Utah 1989) (citations omitted). Rule 401 of the Utah Rules of Evidence states in part: "[e]vidence which is not relevant is not admissible." Rule 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." In the present case, the trial judge ruled that this evidence had minimal relevance at best, and that "the possible prejudicial value outweighs its relevance...."

We find no error in the trial court's ruling. Even if defendant did fear an act of violence directed at him as a result of his shooting Salazar, that evidence was not relevant as to why he shot Salazar in the first place. In addition, defendant testified that he fled immediately after the shooting because he was afraid Salazar's friends had seen the fight and that they might retaliate against defendant. We find the evidence concerning the fire was properly excluded by the trial judge.

## CONCLUSION

For the foregoing reasons, defendant's conviction is affirmed.

GARFF and GREENWOOD, JJ., concur.