STATE of Utah, Plaintiff and Respondent,

v.

Thomas R. HUMPHRIES, Defendant and Petitioner.

No. 900006.

Supreme Court of Utah.

Oct. 4, 1991.

R. Paul Van Dam, Dan Larsen, Salt Lake City, for plaintiff and respondent.

E. Jay Sheen, Salt Lake City, for defendant and petitioner.

HOWE, Associate Chief Justice:

We granted certiorari to review defendant's conviction for issuing bad checks, 795 P.2d 1138, a third degree felony, in violation of Utah Code Ann. § 76–6–505(1) (Supp.1988). In an unpublished opinion, the court of appeals in case No. 880704–CA affirmed the conviction.

Defendant opened a checking account at a bank in Ogden with an initial deposit of $100. He made no other deposits, but he wrote a number of checks on the account for amounts in excess of $100. At his trial for issuing bad checks, he testified that prior to writing them, he gave Dorie Stewart, a friend, a deposit slip and $3,600 in cash and instructed her to deposit that amount in his checking account. He further testified that Stewart did not make the deposit but instead applied the money to a debt which he owed her. He asserted that the cash was from a settlement of a fire insurance claim which was split between him and two business partners. He did not report Stewart's failure to the police because he owed her money.

At his trial, he called Stewart as a witness. Prior to her testimony, the prosecutor examined her on voir dire outside the presence of the jury. He advised Stewart of her rights under the fifth amendment against self-incrimination and of the penalties for theft and perjury. After the trial resumed, Stewart declined to testify, claiming a privilege under the fifth amendment.

In closing argument, the prosecutor told the jury that Stewart "[d]idn't want to lie, but she also didn't want to tell the hard truth and that is, that this man is dishonest." The prosecutor also stated in closing that defendant was a "dishonest person" and advised the jury to "disregard the testimony of the defendant because of his dishonesty." The jury found defendant guilty, and he was given a prison sentence.

After defendant was sentenced, his trial counsel withdrew, and another attorney was appointed to pursue an appeal. In his brief to the court of appeals, defendant's counsel raised five assignments of error: (1) that the prosecutor stated to the jury in closing argument his opinion that defendant was a dishonest person; (2) that the prosecutor improperly threatened witness Stewart if she testified; (3) that the prosecutor questioned defendant as to why he did not subpoena one of his business partners as a witness, supposedly to corroborate defendant's testimony as to the receipt of the $3,600; (4) that certain bank records which were not a basis for the charges against defendant were admitted; and (5) that defense counsel represented defendant at the preliminary hearing, because the attorney admitted he had a conflict of interest. In response to these five assignments of error, the State contended that in failing to timely object, defendant's trial counsel had failed to preserve for appeal the first four. As to the fifth assignment, the State contended that it was meritless because defendant expressly waived any conflict of interest. The court of appeals in its memorandum decision agreed with the State's response and affirmed defendant's conviction for the reasons advanced by the State.

On this certiorari review by this court, the defendant through new counsel now contends that he was denied the effective assistance of appellate counsel as guaranteed by the sixth amendment to the Constitution of the United States because his counsel did not raise in the court of appeals

(1) ineffectiveness of trial counsel in failing to object to the prosecutor's conduct, or (2) prosecutorial misconduct which was "plain error" and should be reviewed on appeal despite the lack of any objection thereto. The State responds that this court should not consider defendant's ineffective assistance of appellate counsel claim, which is now raised for the first time. Rather, it argues, such claim should be raised in the context of a postconviction action where an evidentiary record may be established and any legal remedies imposed. The State suggests that if defendant does seek postconviction relief "based upon a claim of prosecutorial misconduct in closing argument, the State may well concede that error occurred when the prosecutor commented to the jury that defendant's witness Stewart invoked her fifth amendment privilege because she did not want to lie."

■ The State is correct that ordinarily a claim of ineffectiveness of appellate counsel must be raised in a postconviction proceeding, as provided for in rule 65B(i), Utah Rules of Civil Procedure. Obviously, such a proceeding would usually be the first opportunity to advance that claim. However, this case presents the unusual situation where the claim of ineffectiveness of appellate counsel is being raised in a second tier of appellate review by new appellate counsel. If we were to require defendant to present the claim of ineffective assistance of trial or appellate counsel in a postconviction proceeding in the trial court, we are not aware of any evidence or argument which might be made that is not now before us. We therefore conclude that in these peculiar, narrow circumstances, we should now address defendant's claim and not require him to raise it later in a postconviction proceeding in the trial court. Judicial economy will be served thereby.

■ While defendant assails the effectiveness of his appellate counsel, it is to be observed that generally a claim of ineffectiveness of trial counsel cannot be raised on appeal because the trial record is insufficient to allow the claim to be determined. Appellate counsel recognized this problem when he told defendant that he did not think it would be appropriate to raise that issue on appeal. Since the date of the decision of the court of appeals, however, we have in two cases indicated that ineffective assistance of trial counsel should be raised on appeal if the trial record is adequate to permit decision of the issue and defendant is represented by counsel other than trial counsel. *See State v. Templin,* 805 P.2d 182 (Utah 1990); *Jensen v. DeLand,* 795 P.2d 619 (Utah 1989).

■ At the bottom of all of defendant's complaints is the failure of his trial counsel to object to the prosecutor's statements and conduct. We therefore direct our focus to that issue. The trial record before us is adequate, and defendant is no longer represented by trial counsel. For the purposes of this opinion, we need consider only one remark made by the prosecutor to the jury. In his closing argument, the prosecutor stated that defendant's witness Stewart invoked her fifth amendment privilege because she did not want to lie. As the State candidly observes in its brief, that line of argument has been found to be reversible error. *See State v. Person,* 215 Conn. 653, 577 A.2d 1036, 1040–42 (1990) (state cannot build its case out of inferences arising from the use of testimonial privilege); *Tover v. State,* 777 S.W.2d 481, 488 (Tex.Ct.App. 1989) ("[W]hen a witness other than an accused declines to testify on the ground that his answers would tend to incriminate him, that refusal alone cannot be made the basis of any inference to the jury, either favorable to the prosecution or to the accused.") We appreciate the candor of the State in recognizing the error of the prosecutor and its willingness to concede that error in a postconviction proceeding. However, as we have explained, no purpose would be served in requiring defendant to resort to that lengthy procedure when we can grant appropriate relief now without further delay.

We conclude that the failure of defendant's trial counsel to object to the prosecutor's comment to the jury regarding Stewart's invocation of her testimonial privilege deprived defendant of effective assistance of counsel. The two-part test adopted by

the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and employed by this court in our cases, *State v. Templin*, 805 P.2d 182 (Utah 1990); *Bundy v. DeLand*, 763 P.2d 803 (Utah 1988), has been met. No sound course of trial strategy could dictate defense counsel to be silent at such a crucial time. We conclude that there was a reasonable likelihood of a result more favorable to defendant if his trial counsel had not remained silent. The conviction is therefore reversed, and a new trial is ordered.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.