STATE of Utah, Plaintiff and Appellee,

v.

Gerald GARRETT, Defendant
and Appellant.

No. 920054–CA.

Court of Appeals of Utah.

Feb. 26, 1993.

Curtis C. Nesset, Salt Lake City, for defendant and appellant.

Jan Graham and J. Frederic Voros, Jr., Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and ORME, JJ.

## OPINION

BENCH, Judge:

Defendant, Gerald Garrett, appeals his conviction for possession of a stolen vehicle, a second degree felony, in violation of Utah Code Ann. § 41–1–112 (Supp.1991). We affirm.

## BACKGROUND

On June 29, 1991, Gerald and Josephine Hood reported to the police that their white 1980 Cadillac with Texas license plates was missing. That same day, but before the report was made, a police officer was patrolling the west side of Salt Lake City.

As he passed Pioneer Park, he noticed a white Cadillac with Texas license plates that looked out of place for the area. The car was parked and "fully occupied." The officer observed that the person in the driver's seat had marks on his face and a bandaged hand. Shortly after the officer left the area, he heard a dispatcher's broadcast about the missing car. He immediately returned to the park.

When the officer arrived, other officers were already present and taking people out of the car. The officer saw defendant about forty yards away from the car and recognized him as the person who was previously seated in the driver's seat. The officer questioned defendant about the car. Defendant stated that the car belonged to Gerald Hood who had been arrested, and that he was going to bail Gerald Hood out of jail. When the officer asked who had the car keys, defendant indicated that they were in his front pocket. The officer removed the keys from defendant's pocket. Defendant then handed the officer the car registration from his shirt pocket. Mr. Hood was summoned to the park. He told the officer that he did not recognize defendant and that he had not been arrested. Mr. Hood also identified the keys.

Defendant testified at trial that he and others, including "Jerry," had gone to a grocery store earlier that morning to get some food and beer. According to defendant, when the group returned to the park Jerry gave defendant the keys to turn on the car radio and get some beer from the trunk. Defendant further testified that when the police arrived, Jerry told defendant to watch the car because Jerry "might have a warrant." Jerry then left the park.

Defendant also claimed at trial that he did not remember having the car registration in his shirt pocket. Finally, he denied telling the police that Gerald Hood was in jail and that he was trying to bail him out.

The jury found defendant guilty. On appeal, defendant claims that he was de-

nied effective assistance of counsel because his counsel proposed, and the trial court used, an erroneous jury instruction explaining reasonable doubt. He also claims that his counsel was ineffective in failing to challenge the prosecutor's use of peremptory strikes to remove the only three racial minorities from the jury panel. Finally, defendant claims that the evidence was insufficient to sustain his conviction.

## ANALYSIS

### I. Ineffective Assistance

In order to bring a successful ineffective assistance of counsel claim pursuant to the Sixth Amendment,[1] a defendant must show that trial counsel's performance was deficient in that it "fell below an objective standard of reasonableness," and that the deficient performance prejudiced the outcome of the trial. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *see also State v. Templin*, 805 P.2d 182, 186 (Utah 1990).

When a defendant claims that trial counsel's performance was deficient, we must "indulge in the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). *See also Templin*, 805 P.2d at 186 (discussing presumption of trial strategy). We will not find deficient performance unless defendant can show "that counsel's actions were not conscious trial strategy." *State v. Ellifritz*, 835 P.2d 170, 174 (Utah App.1992). We must therefore be persuaded that there was a "lack of any conceivable tactical basis" for counsel's actions before we will reverse a conviction based on

---

1. The Sixth Amendment to the United States Constitution provides in part: "In all criminal prosecutions, the accused shall enjoy the right to ... have Assistance of counsel for his defense." This right to assistance has been held to be "the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970); *see also State v. McNichol*, 554 P.2d 203, 204 (Utah 1976).

ineffective assistance of counsel. *State v. Moritzsky,* 771 P.2d 688, 692 (Utah App. 1989).

In order to demonstrate that trial counsel's deficient performance prejudiced the defendant, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068.[2]

■ In addition to the substantive requirements discussed above, there is a threshold requirement that must be met before we may consider an ineffective assistance of counsel claim on direct appeal. Ordinarily, such a claim may only be raised through a collateral attack in habeas corpus proceedings because "the trial record is insufficient to allow the claim to be determined" on direct appeal. *State v. Humphries,* 818 P.2d 1027, 1029 (Utah 1991). Consequently, we may consider an ineffective assistance claim on direct appeal only if the record is adequate to permit a decision.[3] A trial record is adequate only if "we are not aware of any evidence or arguments which might be made that is not now before us." *Id.* We will address the adequacy of the record as we address each allegation of ineffective assistance.

### A. Jury Instruction

■ Defendant asserts that the reasonable doubt instruction presented by his defense counsel was erroneous in that it did not adequately convey the concept of reasonable doubt as described in *State v. Johnson,* 774 P.2d 1141, 1147–49 (Utah 1989) (Stewart, J., concurring). According to defendant, the instruction effectively lowered the burden placed upon the prosecution. Inasmuch as we may look to the

record to determine the accuracy and adequacy of the instructions given to the jury, the record is adequate to decide defendant's claim. We therefore address it on direct appeal.

We elect to address the prejudice prong of *Strickland* since it is determinative of this claim. The defendant has not proven prejudice, as is his affirmative duty. *See Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067. In fact, defendant has not even presented any argument that there is a reasonable probability that the purportedly erroneous instruction affected the outcome of his case. This court will affirm "when the instructions, taken as a whole, 'fairly tender the case to the jury [even where] one or more of the instructions, standing alone, are not as full or accurate as they might have been.'" *State v. Perdue,* 813 P.2d 1201, 1203 (Utah App.1991) (citations omitted). The other jury instructions given by the trial court correctly explained and adequately emphasized the prosecution's burden. Any error in the reasonable doubt instruction, standing alone, is therefore harmless. *See Anderson v. Toone,* 671 P.2d 170, 175 (Utah 1983) (erroneous jury instruction not reversible error when considered in light of all instructions and evidence); *State v. Clayton,* 658 P.2d 621, 624 (Utah 1983) (erroneous instruction harmless when other instructions sufficiently apprised the jury of the law); *State v. Dock,* 585 P.2d 56, 57 (Utah 1978) (instructions "taken as a whole" were "sufficient to inform the jury").

Inasmuch as it is unlikely that defendant would have enjoyed a more favorable result in the absence of the purported errors in the instruction, the alleged errors do not undermine our confidence in the outcome. We therefore hold that defendant was not prejudiced by counsel's reasonable doubt

---

2. Inasmuch as the deficient performance prong and the prejudice prong must both be satisfied, we may address whichever issue will most readily resolve the claim. *Strickland,* 466 U.S. at 697, 104 S.Ct. at 2069.

3. An additional requirement to hearing an ineffective assistance claim on direct appeal is that the defendant must be represented by new

counsel on appeal because it is "unreasonable to expect [trial counsel] to raise the issue of his own ineffectiveness at trial on direct appeal." *Jensen v. DeLand,* 795 P.2d 619, 621 (Utah 1989) (citing *Fernandez v. Cook,* 783 P.2d 547, 549 (Utah 1989)). Defendant in this case is represented by new counsel on appeal.

instruction. Consequently, his claim regarding the jury instruction fails.

### B. *Batson* Challenge

■ Defendant also claims that his trial counsel was deficient in failing to object to the prosecution's use of its peremptory challenges in a manner that he now claims may have been racially motivated. *See generally Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) (racially motivated peremptory strikes are unconstitutional). The jury pool included a Samoan, a Tongan, and a woman whose racial identity was not clearly established but who formerly had a Hispanic surname. The prosecution used its peremptory challenges to strike all three from the jury pool. The State counters on appeal that there may have been race-neutral reasons for the prosecution's decision to strike the potential jurors in question. For example, two of the potential jurors exhibited some difficulty in speaking and understanding English. *See United States v. Alvarado*, 951 F.2d 22, 24–25 (2nd Cir.1991) (lack of fluency in English is a race-neutral ground for excluding potential juror).

We do not know from the record before us whether the prosecution in fact had race-neutral reasons for removing the potential jurors because defense counsel did not object. Nor do we know for certain whether defense counsel's failure to object to the strikes was deficient performance or trial strategy. Defense counsel may have had the apparent language problem in mind in not objecting to the prosecution's removal of the two potential jurors. It is also conceivable that perceptions of inattentiveness or a lack of sympathy towards defendant—or any myriad of intangible factors—could prompt competent defense counsel to forgo asserting a *Batson* challenge. Given the presumption that defense counsel was acting properly, we must assume that defense counsel also wanted these potential jurors removed and therefore did not raise a *Batson* challenge as a matter of strategy. Any evidence to the contrary is simply not in the record before us. The record is therefore inadequate for

us to find on direct appeal that counsel's performance was objectively deficient.

Defendant has requested that we remand this claim for an evidentiary hearing if we do not reverse his conviction outright. Under new rule 23B of the Utah Rules of Appellate Procedure, we may remand claims of ineffective assistance of counsel for an evidentiary hearing. Defendant has not, however, complied with the formalities of rule 23B. The rule requires a defendant to file a motion requesting remand before oral arguments are made. We have not received any such motion. More importantly, the rule also requires the movant to submit affidavits "alleging facts not fully appearing in the record on appeal that show the claimed deficient performance of the attorney. The affidavits shall also allege facts that show the claimed prejudice suffered by the appellant as a result of the claimed deficient performance." Utah R.App.P. 23B(b). We have not received any such affidavits in this case.

Rule 23B allows us to remand a claim of ineffective assistance at any time under our own motion, even if the technical formalities of the rule discussed above have not been complied with. Our discretion to remand is limited, however, in that the claim must have been made *and* "the motion would have been available to a party." Utah R.App.P. 23B(a). We conclude that in this case the motion would not have been available to defendant. Subparagraph (a) of rule 23B expressly provides that "*[t]he motion shall be available only upon an allegation of facts* constituting ineffective assistance of counsel not fully appearing in the record." (Emphasis added.) Defendant has not alleged any facts that would establish trial counsel's deficient performance or the prejudice suffered by defendant. At best, defendant has simply speculated that trial counsel's failure to object might not have been due to trial strategy. Given the rule's clear emphasis on specific factual allegations, it would be improper to remand a claim under rule 23B for a fishing expedition. Not only would a remand based on speculation be inconsistent with the presumption of sound trial strategy, it would likely open a floodgate of incomplete

and fragmented ineffective assistance claims on direct appeal. Because defendant has not alleged any facts in support of his ineffective assistance claim, we do not remand it for an evidentiary hearing. *See State v. McNicol*, 554 P.2d 203, 204 (Utah 1976) (proof of ineffectiveness "must be demonstrable reality and not a speculative matter").

Based on the record before us, and the strong presumption of sufficient performance, we reject defendant's contention that his counsel's performance was objectively deficient. His ineffective assistance claim therefore fails on direct appeal.

## II. Insufficient Evidence

 Defendant claims that the evidence is insufficient to support his conviction. This court has limited authority to review a jury verdict when a sufficiency of the evidence claim is raised. *State v. Boone*, 820 P.2d 930, 936 (Utah App.1991). It is the function of the jury and not this court to weigh the evidence and assess witness credibility; therefore, when there is any evidence (including reasonable inferences that can be drawn from it) that supports the jury verdict, our inquiry ends and we will sustain the jury verdict. *See State v. Moore*, 802 P.2d 732, 738 (Utah App.1990) (jury's verdict will not be disturbed "so long as some evidence and reasonable inferences" support it). We conclude that the evidence, and the reasonable inferences that may be drawn therefrom, are not "sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *State v. Petree*, 659 P.2d 443, 444 (Utah 1983). We therefore do not disturb the jury's verdict of guilty.

## CONCLUSION

Any error made in the reasonable doubt instruction presented by defendant's trial counsel did not prejudice the outcome of his case. The record is inadequate to allow us to find on direct appeal that trial counsel's failure to object to the prosecution's striking of the only minority members of the jury pool was objectively deficient performance. Furthermore, we decline to remand this matter sua sponte under rule 23B because defendant has not made specific allegations establishing trial counsel's deficient performance or the prejudice he suffered because of it. Finally, the evidence in this case is sufficient to support defendant's conviction.

We therefore affirm the conviction.

BILLINGS and ORME, JJ., concur.