**SALT LAKE CITY, Plaintiff and Appellee,**

v.

**Calvin GROTEPAS, Defendant and Appellant.**

No. 930311–CA.

Court of Appeals of Utah.

April 29, 1994.

Robert Breeze (Argued), Salt Lake City, for defendant and appellant.

Todd Godfrey (Argued), Asst. City Prosecutor, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, Calvin Heber Grotepas, appeals from his conviction of criminal trespass in violation of Salt Lake City Code § 11.36.-130 (1990). Defendant contends that the conviction entered by the trial court was the result of ineffective assistance of counsel. Because we conclude that trial counsel's performance was objectively deficient and that

there is a reasonable probability the outcome might have been more favorable to defendant absent the deficient performance, we reverse and remand for a new trial.[1]

## BACKGROUND

In early 1993, defendant was enrolled as a student at the Salt Lake Art Center School (Art Center School). On March 23, 1993, Mr. Gatmeyer, director of the Salt Lake Art Center (Center), informed defendant that he would no longer be accepted as a student. Defendant apparently was dismissed because he would not adhere to certain rules of the Art Center School. Defendant told Mr. Gatmeyer that he could not be kept from participating and refused to accept a refund of his tuition. Again on March 24, 1993, Mr. Gatmeyer told defendant he could neither attend classes nor enter the Art Center School.

On April 1, 1993, Mr. Gatmeyer observed defendant approaching the Art Center School. Mr. Gatmeyer and three police officers met defendant just outside the building. Defendant indicated that it was his intention to enter the school. At that point, the police officers informed defendant that if he insisted on entering he would be arrested for trespass. In response, defendant stated that he wanted to be arrested and then entered the building. The police officers arrested defendant and cited him for trespass, for which he was later convicted after a bench trial.

The essence of defense counsel's argument at trial was that because the Center is a government-owned and supported building and defendant had paid tuition to attend class at the Art Center School, defendant could not be found to have criminally trespassed. Counsel also attempted to establish some sort of prejudice against defendant by Art Center School officials. The trial record reveals that defense counsel neither raised the statutory defense to criminal trespass found at Utah Code Ann. § 76-6-206(4) (1990)[2] nor introduced any evidence to estab-

---

1. Because of our resolution of the ineffective assistance of counsel argument, we do not address defendant's assertion that the court committed plain error by failing to acquit him.

2. Utah Code Ann. § 76-6-206(4) (1990) states that it "is a defense to prosecution [for criminal trespass] that the: (a) property was open to the public when the actor entered or remained; and

lish that defendant met the requirements of the statutory defense. Defendant was convicted of criminal trespass, fined fifty dollars, and placed on probation for six months. On appeal, defendant claims he was denied the effective assistance of counsel because his counsel failed to assert the statutory defense.

## ANALYSIS

In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established a two-prong test for evaluating ineffective assistance of counsel claims brought under the Sixth Amendment to the United States Constitution. *Id.* at 687, 104 S.Ct. at 2064; *accord State v. Templin,* 805 P.2d 182, 186 (Utah 1990); *State v. Snyder,* 860 P.2d 351, 354 (Utah App.1993). To establish an ineffective assistance of counsel claim, defendant must show, first, that counsel rendered a deficient performance that fell below an objective standard of reasonable professional judgment, and second, that counsel's deficient performance prejudiced the defendant. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064; *accord Templin,* 805 P.2d at 186; *Snyder,* 860 P.2d at 354. In making a showing that counsel rendered a deficient performance, the burden is on defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness. *Strickland,* 466 U.S. at 687–88, 104 S.Ct. at 2064; *accord Templin,* 805 P.2d at 186; *Snyder,* 860 P.2d at 354. To establish that counsel's alleged deficiency was sufficiently prejudicial, defendant must affirmatively demonstrate that there is a "reasonable probability" that, but for counsel's errors, the result would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *accord Templin,* 805 P.2d at 186–87.

"Ordinarily, such a claim [of ineffective assistance of counsel] may only be raised through a collateral attack in habeas corpus proceedings because 'the trial record

is insufficient to allow the claim to be determined' on direct appeal." *State v. Garrett,* 849 P.2d 578, 580 (Utah App.) (quoting *State v. Humphries,* 818 P.2d 1027, 1029 (Utah 1991)), *cert. denied,* 860 P.2d 943 (Utah 1993). However, if the ineffective assistance of counsel claim is first raised on direct appeal and defendant's appellate counsel was not also trial counsel, as in the case before us, we may consider the issue "only if the record is adequate to permit a decision." *Id.* If we address the claim based on the record "we must decide whether defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Tennyson,* 850 P.2d 461, 466 (Utah App.1993). Nonetheless, our review of trial "counsel's performance must be highly deferential; otherwise, the 'distorting effects of hindsight'" would lead us to engage in second-guessing. *Id.*

### Defendant's Claim

Defendant asserts that he received ineffective assistance of counsel because his counsel failed to inform the trial court of or raise in any way the statutory defense to criminal trespass contained in Utah Code Ann. § 76–6–206(4) (1990). That section states in relevant part that it is a defense to criminal trespass if "(a) property was open to the public when the actor entered or remained; and (b) the actor's conduct did not substantially interfere with the owner's use of the property." *Id.*

In *State v. Moritzsky,* 771 P.2d 688 (Utah App.1989), the defendant made a similar claim that his trial counsel had failed to cite to possibly exculpatory statutory provisions. The defendant appealed after a jury convicted him of aggravated assault, claiming that his trial counsel's failure to request a "defense of habitation" jury instruction according to the amended statute constituted ineffective assistance of counsel. The court observed that trial counsel's action could not be attributed to conceivable trial tactics, but instead was the result of an oversight of

---

(b) the actor's conduct did not substantially interfere with the owner's use of the property." *Id.*

Neither party to this action addressed whether this defense found in the criminal code is applicable to violation of a municipal ordinance. However, Utah Code Ann. § 76–1–103 (1990)

states that the provisions of the criminal code "shall govern the construction of, the punishment for, and defenses against any offense defined in this code or, ... any offense defined outside this code." *Id.*

statutory language, as counsel evidently cited an earlier version of the statute and missed the amendment contained in the Code's "pocket-part." *Id.* at 692. Therefore, the court held Moritzsky had established the first prong of the *Strickland* test as counsel's performance was objectively deficient. In addition, because an appropriate defense of habitation instruction was necessary to insure that the defendant received a fair trial, the court determined that the defendant was likely prejudiced by counsel's mistake and remanded for a new trial. *Id.* at 693.

■ Similarly, in this case, trial counsel clearly overlooked applicable statutory language, rather than deliberately choosing not to argue it. As in *Moritzsky*, we can discern no tactical explanation for trial counsel's failure to raise the statutory defense to criminal trespass.[3] As a result, we conclude that trial counsel's performance was outside the wide range of professionally competent assistance and was therefore objectively deficient as a matter of law.[4]

Having established the first prong of the *Strickland* test, we now consider whether trial counsel's deficient performance prejudiced defendant, namely whether "a reason-able probability exists that the ... verdict would have been more favorable to defendant" had counsel asserted the statutory defense. *Id.* at 692; *accord Templin,* 805 P.2d at 186–87. At trial, defense counsel attempted to establish that the Art Center School was owned by a governmental entity and argued that defendant could not be found guilty of criminal trespass on public property. Testimony indicated that the building housing the Art Center School was owned by Salt Lake County and that the Center itself was a private, non-profit corporation financed by donations from foundations, individuals, and federal funds received by the Center as a sub-grantee of the state. The trial court apparently concluded that public property status did not preclude the possibility of criminal trespass. Evidence was not adduced, however, as to the specifics of the statutory defense: Whether the Art Center School was "open to the public,"[5] and whether defendant's conduct "substantially interfere[d] with the owner's use of the property." *See* Utah Code Ann. § 76–6–206(4) (1990). Based on our review of the record, we conclude that there is a reasonable probability that defendant might have been acquitted

---

3. The dissent insists that the majority has violated the principle of stare decisis by construing a "silent record" to determine the outcome in this case. In asserting that a "silent record" is not an adequate record, the dissent cites *State v. Humphries,* 818 P.2d 1027 (Utah 1991) and *State v. Garrett,* 849 P.2d 578 (Utah App.1993) as the controlling, and also violated, precedent.

We believe, however, that our decision today conforms with, rather than departs from, the precedent of *Humphries* and *Garrett.* In *Humphries,* the Utah Supreme Court was presented with the question of whether trial counsel's failure to object to the prosecutor's closing remarks and conduct constituted ineffective assistance of counsel. Although the supreme court recognized, as we do, that "generally a claim of ineffectiveness of trial counsel cannot be raised on appeal because the trial record is insufficient to allow the claim to be determined," *Humphries,* 818 P.2d at 1029, the supreme court nonetheless decided that trial counsel was ineffective by doing precisely what the dissent insists cannot be done—it construed a silent record to decide that "[n]o sound course of trial strategy could dictate defense counsel to be silent at such a crucial time." *Id.* at 1030.

Similarly in *Garrett,* this court noted that "[w]e must ... be persuaded that there was a 'lack of any conceivable tactical basis' for counsel's ac-

tions before we will reverse a conviction based on ineffective assistance of counsel." *Garrett,* 849 P.2d at 580 (quoting *State v. Moritzsky,* 771 P.2d 688, 692 (Utah App.1989)).

Contrary to the dissent's position, we believe that both *Humphries* and *Garrett* provide leeway to an appellate court to determine if an adequate record exists from which a decision on direct appeal can be made. In the present case, we have done just that. We are not convinced that a "silent record" necessarily equals an inadequate record. In the present case, we believe, as did the supreme court in *Humphries,* that despite a "silent record" as to why trial counsel failed to raise the statutory defense to criminal trespass, "[n]o sound course of trial strategy could dictate" trial counsel's failure to raise that statutory defense.

4. We do not agree with our dissenting colleague that our holding necessitates raising all conceivable defenses in order to avoid an ineffective assistance of counsel claim. It is only in the rare case, such as this one, that the record reveals an obvious and unmistakable error by trial counsel.

5. *See Steele v. Breinholt,* 747 P.2d 433, 435 (Utah App.1987) ("open to the public" does not refer solely to government-owned property).

had defense counsel argued the defense to criminal trespass contained in section 76–6–206(4) and presented evidence in support of that theory.

## CONCLUSION

The failure of defendant's trial counsel to assert the relevant statutory defense to criminal trespass was both objectively deficient and prejudicial. Defendant therefore was denied his right to effective assistance of counsel as guaranteed under the Sixth Amendment to the United States Constitution. Accordingly, we reverse and remand for a new trial.

BILLINGS, J., concurs.

BENCH, Judge (dissenting):

I respectfully dissent from the main opinion's treatment of defendant's ineffective assistance of counsel claim. Because the record is inadequate to decide the question, we are prohibited from reaching the merits of the claim. *State v. Humphries,* 818 P.2d 1027, 1029 (Utah 1991); *State v. Garrett,* 849 P.2d 578, 580 (Utah App.), *cert. denied,* 860 P.2d 943 (Utah 1993). Stare decisis compels us to follow this precedent. *See State v. Thurman,* 846 P.2d 1256, 1269 (Utah 1993). Additionally, the election of defenses by trial counsel has traditionally been treated as a legitimate exercise of trial tactics or strategy that we will not second-guess. *State v. Pascual,* 804 P.2d 553, 556 (Utah App.1991) ("any election between inconsistent defenses was a legitimate exercise of trial strategy rather than ineffective assistance of counsel"); *State v. Wight,* 765 P.2d 12, 15 (Utah App.1988) (we will not second-guess defense counsel's legitimate exercise of trial tactics or strategy).

*Humphries* held that ineffective assistance claims, raised for the first time on appeal, can only be addressed in "unusual . . . peculiar, narrow circumstances." 818 P.2d at 1029. In *Garrett,* we held that we can entertain an ineffective assistance of counsel claim on direct appeal "only if the record is adequate to permit a decision." 849 P.2d at 580. We further held that a "trial record is adequate only if 'we are not aware of any evi-

dence or arguments which might be made that [are] not now before us.'" *Id.* (quoting *Humphries,* 818 P.2d at 1029). Garrett claimed, among other things, that his trial attorney was ineffective in failing to object to the prosecution's use of its peremptory challenges in a manner he claimed was racially motivated. *Id.* 849 P.2d at 581; *see Batson v. Kentucky,* 476 U.S. 79, 89–92, 106 S.Ct. 1712, 1719–20, 90 L.Ed.2d 69 (1986) (racially motivated peremptory strikes are unconstitutional). In analyzing this claim, we stated:

> We do not know from the record before us whether the prosecution in fact had race-neutral reasons for removing the potential jurors because defense counsel did not object. Nor do we know for certain whether defense counsel's failure to object to strikes was deficient performance or trial strategy. Defense counsel may have had [juror language deficiencies] in mind in not objecting to the prosecution's removal of the two potential jurors. It is also conceivable that perceptions of inattentiveness or a lack of sympathy towards defendant—or any myriad of intangible factors—could prompt competent defense counsel to forgo asserting a *Batson* challenge. Given the presumption that defense counsel was acting properly, we must assume that defense counsel also wanted these potential jurors removed and therefore did not raise a *Batson* challenge as a matter of strategy. Any evidence to the contrary is simply not in the record before us. The record is therefore inadequate for us to find on direct appeal that counsel's performance was objectively deficient.

*Garrett,* 849 P.2d at 581; *see also Humphries,* 818 P.2d at 1029 (generally ineffective assistance of counsel claim "cannot be raised on [direct] appeal because the trial record is insufficient to allow claim to be determined").

The record in the present case is similarly deficient as to why defense counsel did not raise certain defenses. Because the record is inadequate, we do not know whether defense counsel consciously decided, as a matter of trial strategy, not to raise the defenses—or whether defense counsel may have simply overlooked the defenses. *See Garrett,* 849 P.2d at 581. In any event, because the rec-

ord is inadequate, we cannot not decide defendant's ineffective assistance of counsel claim on direct appeal. *Id.*[1]

The main opinion's holding mandates that defense counsel raise all conceivable defenses or be subject to an ineffective assistance of counsel claim. Defense counsel must do so even if he or she believes that certain defenses will actually prejudice the defendant. This is a significant departure from prior decisions of this court. In *Pascual,* the defendant claimed that his counsel was ineffective because he formulated a defense theory and then abandoned it mid-trial. We held that the decision to abandon the defense was nothing more than a change in trial strategy. 804 P.2d at 556. We concluded that defense counsel's decision to utilize certain defenses and not others was a "legitimate exercise of trial strategy rather than ineffective assistance of counsel." *Id.* We have long held

that we will not second-guess trial counsel's legitimate exercise of trial tactics or strategy. *See Wight,* 765 P.2d at 15. Therefore, in deciding the issue without an adequate record, the main opinion denies defense counsel the prerogative of deciding, as a matter of trial strategy, which defenses may best serve his or her client.

Because the record is inadequate to decide the question, I would not address defendant's ineffective assistance of counsel argument for the first time on appeal. I would therefore affirm the conviction.

---

**1.** The wisdom of this rule is demonstrated by comparing the result in this case with the result in the recent case of *State v. Cosey,* 873 P.2d 1177 (Utah App.1994). In *Cosey,* the majority construed a silent record and concluded that counsel was *effective* in not objecting to a juror for cause, and affirmed the conviction. In this case, the majority construes a similarly silent record and concludes that counsel was *ineffective* in failing to raise certain defenses, and reverses the conviction. The *Cosey* majority, and the majority in this case, have, by failing to follow *Garrett,* demonstrated the problems associated with ignoring stare decisis. As Justice Zimmerman lamented:

If stare decisis had no application to a multi-panel court such as the court of appeals, it would sanction a judicial system under which the outcome of an appeal presenting a particular legal question would be dependent more on the composition of the panel hearing the case than on whether the issue has been previously addressed and decided by that court.

*State v. Thurman,* 846 P.2d 1256, 1269 (Utah 1993). The approach taken by the majority in this case and *Cosey* is wrong: we simply cannot construe a silent record to dispositively deal with an ineffective assistance of counsel claim.