Danilo PASCUAL, Plaintiff and Appellant,

v.

Scott CARVER, Warden, Utah State Prison, Defendant and Appellee.

No. 930257.

Supreme Court of Utah.

June 1, 1994.

Danilo Pascual, pro se.

Jan Graham, Atty. Gen., Angela Micklos, Asst. Atty. Gen., Salt Lake City, for defendant.

ZIMMERMAN, Chief Justice:

Danilo Pascual appeals the dismissal of his petition for a writ of habeas corpus. Pascual claims he is entitled to habeas relief on the following grounds: (i) his trial counsel was ineffective, and (ii) he was inadequately represented on appeal. Pascual also challenges the constitutionality of section 78–12–31.1 of the Utah Code. That section imposes a three-month statute of limitations for bringing a petition for habeas relief. We affirm.

A jury convicted Pascual of criminal homicide, a first degree felony. On January 3, 1989, the district court sentenced Pascual to an indeterminate sentence of five years to life in the Utah State Prison. In addition, the trial court sentenced Pascual to a one-year term for using a firearm in the commission of the crime and ordered that the additional term run consecutively with the basic sentence. *See* Utah Code Ann. § 76–3–203(1). Pascual retained new counsel and appealed his conviction to this court. We transferred his appeal to the court of appeals pursuant to section 78–2–2(4) of the Code. On appeal, he raised the following issues: (i) he was denied effective assistance of counsel because his trial counsel had failed to object to a jury instruction and had abandoned his defense strategy mid-way through trial; (ii) he was denied a fair trial because the trial court had failed to give a cautionary instruction to the jury regarding eyewitness testimony; and (iii) the trial court had improperly excluded evidence of a fire that occurred in Pascual's house two days after the shooting. The court of appeals rejected these claims, concluding that trial counsel's abandonment of his pretrial strategy mid-way through trial did not constitute ineffective assistance and that Pascual had failed to demonstrate that he was prejudiced by trial counsel's alleged errors. *State v. Pascual,* 804 P.2d 553, 556 (Utah Ct.App.1991). On these bases, the court of appeals affirmed Pascual's conviction. *Id.* at 557.

Rather than seeking review of the court of appeals' decision through a petition for a writ of certiorari to this court, Pascual filed a writ of habeas corpus in the United States District Court for the District of Utah. In addition to the claims he raised on direct appeal, Pascual alleged a new ineffective-assistance-of-counsel claim—his trial counsel failed to prepare adequately for trial. The federal district court referred Pascual's petition to a United States magistrate. The magistrate recommended that the petition be dismissed because Pascual had failed to exhaust his state remedies. After reviewing the magistrate's report and recommendation and Pascual's objections thereto, the district court adopted the report and recommendation and dismissed the petition. The Court of Appeals for the Tenth Circuit affirmed the dismissal. 974 F.2d 1345.

Pascual filed the instant petition on November 24, 1992, in Third District Court. Pascual claimed that his trial counsel was constitutionally deficient because (i) he failed

to investigate adequately the circumstances of the crime and prepare an adequate defense, and (ii) he abandoned his original defense strategy mid-way through the trial. After the State moved to dismiss his petition, Pascual raised an entirely new ineffectiveness contention in his reply memorandum—ineffective assistance of appellate counsel.

The district court dismissed Pascual's petition on April 22, 1993. In a memorandum decision, the court held that Pascual could have and should have raised his ineffective-assistance-of-trial-counsel claims on direct appeal and was therefore barred from asserting them in a habeas petition. As an alternative ground for dismissing the petition, the district court held that Pascual's claims were barred by the applicable statute of limitations. Utah Code Ann. § 78–12–31.1. The district court refused to address Pascual's claim of ineffective assistance of appellate counsel, stating:

> In his reply memorandum petitioner raises the issue that his appellate counsel were also ineffective. This is a brand new issue to this case and not raised in petitioner's petition. Moreover, petitioner has not sought to amend his petition to add these claims. Hence this issue is not properly before the court now.

The standard of review is settled. "In considering an appeal from a dismissal of a petition for a writ of habeas corpus, no deference is accorded the lower court's conclusions of law that underlie the dismissal of the petition. We review those for correctness." *Fernandez v. Cook*, 783 P.2d 547, 549 (Utah 1989) (citations omitted); *see also Gerrish v. Barnes*, 844 P.2d 315, 318–19 (Utah 1992).

The law governing claims asserted for the first time in a habeas petition is similarly settled. Allegations of error cannot be pursued for the first time by writ of habeas corpus if they could have been raised on direct appeal. *Fernandez*, 783 P.2d at 549; *Codianna v. Morris*, 660 P.2d 1101,

1104 (Utah 1983). A criminal defendant must raise on direct appeal any issue which was known or should have been known by the defendant at the conclusion of trial. *Fernandez*, 783 P.2d at 549. Failure to do so will result in waiver of those claims. *See Kelbach v. McCotter*, 872 P.2d 1033, 1035 (Utah 1994); *Codianna*, 660 P.2d at 1104.[1] In addition, issues that were "fully and fairly adjudicated" on direct appeal cannot properly be relitigated in a post-conviction relief proceeding. *Hurst v. Cook*, 777 P.2d 1029, 1036 (Utah 1989).

Upon surveying the ineffective-assistance-of-trial-counsel claims that Pascual has raised in his petition, we conclude that these claims either could and should have been raised on direct appeal, *Codianna*, 660 P.2d at 1104, or were "fully and fairly adjudicated" in a prior direct appeal, *Hurst*, 777 P.2d at 1036. Pascual claims, however, that collateral review is appropriate here because of the circumstances surrounding this case: He speaks little English and is unfamiliar with the American legal system. Nevertheless, because Pascual did not raise this issue in his petition and it was not considered by the trial court, we will not consider it for the first time on appeal. *See State v. Mabe*, 864 P.2d 890, 892–93 n. 6 (Utah 1993).

Likewise, Pascual did not raise his claim of ineffective assistance of appellate counsel in the habeas petition. Instead, he raised the issue in his second response to the State's motion to dismiss the habeas petition. Accordingly, the trial court refused to address the issue below, and we will not address it here for the first time on appeal.

Finally, we decline to address Pascual's claim that section 78–12–31.1 of the Code is unconstitutional. That issue is moot in light of our disposition of Pascual's claims on entirely independent grounds.

We affirm the district court's dismissal of Pascual's petition for habeas corpus relief.

---

1. We note that this rule is not entirely rigid; we will review a claim when exceptional circumstances justify the failure to raise a specific issue on direct appeal. For example, a defendant may be allowed to raise the issue of ineffective assistance of trial counsel for the first time in a petition for habeas corpus if he was represented by the same counsel at trial and on direct appeal. *Fernandez v. Cook*, 783 P.2d 547, 549–50 (Utah 1989). Counsel on appeal is not expected to allege his own effectiveness as counsel for the defendant at trial. *Id.*

HOWE and DURHAM, JJ., and ORME, Court of Appeals Judge, concur.

STEWART, Associate C.J., concurs in the result.

ORME, Court of Appeals Judge, sat to fill the vacancy on the court.