**David S. LOW, Trustee for the Camille Collett Trust, the David B. Collett Trust, and the Samuel Collett Trust, Plaintiff and Appellee,**

v.

**Joseph A. BONACCI, aka Joseph Bonacci, Defendant and Appellant.**

**No. 870043.**

Supreme Court of Utah.

March 2, 1990.

Joseph A. Bonacci, pro se.

Richard L. Bird, Jr., Salt Lake City, for plaintiff and appellee.

DURHAM, Justice:

This is an appeal from a decree of the Third Judicial District Court of Salt Lake County quieting title to disputed property in appellee David S. Low, Trustee for the Camille Collett Trust, the David B. Collett Trust, and the Samuel Collett Trust ("the Colletts"). Appellant Joseph A. Bonacci claims the property in dispute based on the doctrine of boundary by acquiescence. We have reviewed the entire record presented on appeal. Due to Bonacci's failure to file a trial transcript, we take judicial notice of the findings of fact and conclusions of law reached by the trial court. Bonacci has not shown any error by the trial court, nor has he met the burden of proof regarding such error required for appellate review. We therefore affirm.

After this case was tried, we revised the doctrine of boundary by acquiescence in *Staker v. Ainsworth*, 785 P.2d 417 (Utah 1990). The doctrine of boundary by acquiescence historically included four factors: "(1) occupation up to a visible line marked by monuments, fences, or buildings, (2) mutual acquiescence in the line as a boundary, (3) for a long period of time, (4) by adjoining landowners." *Goodman v. Wilkinson*, 629 P.2d 447, 448 (Utah 1981). This Court added a fifth requirement of objective uncertainty to these factors in *Halladay v. Cluff*, 685 P.2d 500 (Utah 1984). In *Staker*, we overruled this fifth requirement, thus returning to the traditional analysis.

There is some indication in the trial court's findings of fact and conclusions of law that it relied on the absence of the

recently overruled fifth requirement of objective uncertainty when quieting title in appellee. However, the record also recounts facts indicating that the second requirement of mutual acquiescence was lacking. Since the result would have been the same even if the lower court had not relied on the lack of the fifth requirement, we need not reconsider the trial court's decision based on *Staker*.

Bonacci has not shown that there was mutual acquiescence in the fence line as the boundary between his property and the Colletts' property. In 1964, the state of Utah commenced a condemnation action to acquire property from the Colletts and Bonacci's predecessor in interest. In connection with this action, a survey was prepared which noted a conflict between the metes and bounds description of the boundary between the properties and the fence line. Bonacci's predecessor in interest was represented by legal counsel in this action. The action established title to the disputed property in the Colletts, who were paid by the state for the condemned portion of the property. This established acquiescence in the metes and bounds description, not in the fence line.

Bonacci's assertion that the 1964 condemnation proceeding is inapplicable to him because he was not a party to the action is without merit. His predecessor in interest did not dispute the boundary established by the state's condemnation action. Bonacci was placed on notice of the existing boundary by the prior condemnation action, as well as by the metes and bounds property description contained in the warranty deed from his predecessor in interest, which was recorded at Bonacci's request. Another survey obtained by the Colletts in 1984 supports the 1964 survey, establishing the same property line twenty feet west of the existing fence. There was no mutual acquiescence in the fence line as a boundary.

With respect to the new evidence offered in Bonacci's brief, we do not consider new evidence on appeal. The other issues raised on appeal are without merit.

Affirmed.

HALL, C.J., and ZIMMERMAN, J., concur.

HOWE, Associate C.J., and STEWART, J., concur in the result.