Argued and submitted March 1, affirmed December 11, 1991, reconsideration denied February 5, petition for review denied March 24, 1992 (313 Or 75)

## STATE OF OREGON,
*Respondent,*

*v.*

## ROBERT Z. PRANGER,
*Appellant.*

(8811-2622; CA A65118)

822 P2d 714

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Harrison Latto, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Rossman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals his convictions for first degree theft, ORS 164.055, and second degree criminal trespass. ORS 164.245. We affirm.

In November, 1987, defendant sold mill equipment to Interstate Millworks, Inc. (IMI), under an installment contract. He retained a security interest in the collateral. In August and September, 1988, he consulted an attorney, because he believed that IMI had breached the agreement. The attorney advised him that, if IMI had breached the agreement, one remedy would be to use self-help repossession under the Uniform Commercial Code. ORS 79.5030.[1] During the night of October 2, 1988, defendant unhinged the back door of the IMI mill, entered the building and rendered some of the equipment unusable by removing vital parts. He delivered those parts to his attorney. Five days later, the attorney wrote IMI a letter demanding surrender of the equipment because of its failure to make the installment payments for two months. Defendant was later arrested and charged with criminal trespass and aggravated theft.[2]

■ Defendant assigns error to the trial court's denial of his motion for judgment of acquittal. He asserted as a defense to the theft charge that he had acted under an honest claim of right, because he reasonably believed that IMI's alleged defaults gave him the right to possession of the equipment. ORS 164.035 provides:

"(1) In a prosecution for theft it is a defense that the defendant acted under an honest claim of right, in that:

"* * * * *

---

[1] ORS 79.5030 provides:

"Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under ORS 79.5040."

[2] The aggravated first degree theft charge was later changed to first degree theft, after the state conceded that it had failed to prove the requisite value of the IMI equipment.

"(b) The defendant reasonably believed that the defendant was entitled to the property involved or had a right to acquire or dispose of it as the defendant did."

Once a defendant has raised that defense, the state has the burden to disprove it beyond a reasonable doubt. ORS 161.055. Defendant contends that he was entitled to a judgment of acquittal, because the state did not meet its burden of disproving his defense.

■ In reviewing the denial of a motion for judgment of acquittal, the relevant question is whether, viewing all of the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Krummacher*, 269 Or 125, 137, 523 P2d 1009 (1974).

■ Defendant argues that evidence in the record establishes that he had a claim of right to the equipment or at least that he had a reasonable belief that he was entitled to the property. He contends that the evidence shows that IMI committed numerous breaches of the agreement and that, because the state failed to rebut that evidence, he was entitled to a judgment of acquittal. One of the alleged breaches that defendant relies on is that IMI committed an anticipatory breach by telling defendant that the balloon payment due under the contract would not be made in November, 1988, as the agreement required. He also asserts that IMI breached the agreement by selling some of the equipment without obtaining his written consent and by not including him as a loss payee in IMI's fire and liability insurance policy on the equipment. Finally, he argues that IMI encumbered the collateral, contrary to the terms of the security agreement, because a bank was named as a loss payee in the insurance policies on the equipment.

However, the evidence of the anticipatory breach did not show who told defendant that the balloon payment would not be made nor did it establish when that statement was made. The state presented evidence to show that IMI refused to make the balloon payment only *after* defendant had taken the equipment parts. With respect to the sale of equipment, one of the owners of IMI testified that he had defendant's permission to sell some of the equipment. Further, there was evidence that the agreement did not require that defendant

be named as loss payee in the insurance on the equipment. Finally, the fact that a bank was named as a loss payee on the insurance policy does not in itself establish that the bank had a lien on the property in violation of the agreement. The jury was entitled to believe the state's witnesses and to draw consistent inferences from the exhibits presented at trial. Resolving conflicts in the evidence in favor of the state, we hold that there was sufficient evidence for the jury to have found that a breach did not occur.

We also conclude that a rational trier of fact could have found beyond a reasonable doubt that defendant did not have a reasonable belief that he was entitled to possession of the equipment. The only breach that defendant mentioned in his demand letter immediately after he took the parts from the equipment was that IMI had failed to make the monthly payments under the contract. However, defendant acknowledged in an affidavit submitted as evidence that he had agreed to allow IMI to miss its payments for May, June and July, and that he knew that, during other months of that year, IMI was submitting its payments directly to defendant's creditors pursuant to a garnishment order. There also was evidence that defendant entered the property late at night after the employees had completed their shift and gone through a "lock up procedure" and that he entered the property by unhinging a door. Again, viewing the evidence in the light most favorable to the state, the jury could conclude that defendant could not reasonably have believed that he was legally entitled to repossess the equipment. The trial court's denial of defendant's motion for judgment of acquittal on the theft charge was proper.[3]

■ Defendant also argues that the trial court erred in denying his motion for judgment of acquittal on the criminal trespass charge. We conclude that there was sufficient evidence for the jury to have found defendant guilty of criminal trespass beyond a reasonable doubt.

Affirmed.

---

[3] Defendant also argues that he complied with the requirement of ORS 79.5030 and that he did not "breach the peace" when he entered the mill. It is unnecessary to address this issue in view of our holding.