Argued and submitted April 13, reversed and remanded for new trial
December 30, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# ALFREDO BARGAS-PEREZ,
*Appellant.*

(91C20289; CA A69548)

844 P2d 931

Steven H. Gorham, Salem, argued the cause and filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

### DURHAM, J.

Defendant was convicted for delivering cocaine. ORS 475.992(1)(b). The issues on appeal concern the court's denial of defendant's request for substituted counsel and his liability as an accomplice for delivery of cocaine. We reverse.

On March 2, 1991, undercover Officer Schmaltz approached defendant and Garcia in front of a store in Salem. He asked Garcia for cocaine. In Spanish, Garcia requested that defendant translate the statement. Schmaltz then asked defendant for cocaine. According to Schmaltz, defendant told him to "see that guy," indicating Garcia. Schmaltz again asked Garcia for cocaine. Garcia removed a container of cocaine from his mouth and sold some to Schmaltz. The state prosecuted defendant on a theory of accomplice liability. ORS 161.155(2)(b).

On the day of trial, defendant's court-appointed lawyer informed the court that defendant wanted to make a motion:

"The Court: All right. Do you have something for the Court?

"[Defendant]: Yes. I like explain—I explain you people in the way I was arrested, you know—

"The Court: No. My question is, do you have a motion for the Court? We are—

"[Defendant]: Yes.

"The Court: We are ready to go to trial.

"[Defendant]: The motion is mistrial and request another attorney and this way he can find more information about this case.

"The Court: Your attorney was appointed for you, wasn't he?

"[Defendant]: Yeah, he was but—

"The Court: And when you ask for court-appointed attorney you do not have a choice on who that is. And especially we are more than a half hour after our time for trial, and we will go ahead with the trial and you will continue to have the same attorney you have now.

"[Defendant]: Okay."

Defendant contends that the trial court erred by denying his request for substitute counsel. The state argues that the court properly exercised its discretion in denying the motion, because it was untimely and because defendant merely desired more time for preparation of his case and did not voice dissatisfaction with his attorney's performance.

■     The motion, fairly read, was not merely a request for more preparation time. Defendant coupled his request for another attorney with a claim that a new attorney could discover more information about the case. The motion expressed concern that defendant was not receiving adequate representation. As we said in *State v. Davis*, 110 Or App 358, 360, 822 P2d 736 (1991):

"A court may not presume that a defendant's claim of ineffective counsel is meritless. It has an affirmative duty to determine, on the record, the merits of such a claim."

■     The court did not make that determination but summarily denied the motion. Although the court may take into account the timing of the motion, it must also consider the basis for the motion developed on the record:

"A defendant must be permitted to state the reasons why he believes that appointed counsel should be discharged and new counsel appointed." *State v. Heaps*, 87 Or App 489, 493, 742 P2d 1188 (1987).

The court's failure to inquire into the nature of the conflict and evaluate the merits of the request for a different attorney was reversible error, because the court had "no basis on which to determine whether [defendant's] constitutional right to effective counsel was being honored." *State v. Heaps, supra*, 7 Or App at 494. The error requires a new trial. *State v. Davis, supra*, 110 Or App at 361; *State v. McCabe*, 103 Or App 426, 430, 797 P2d 406 (1990); *State v. Heaps, supra*, 87 Or App at 494.

Defendant also assigns error to the trial court's denial of his motion for judgment of acquittal based on his contention that the state failed to show that he had aided or abetted Garcia's delivery of cocaine. We address the issue, because, if defendant is correct, he is entitled to a judgment of acquittal, not a new trial. However, defendant is wrong. ORS 161.155 provides:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2)   With the intent to promote or facilitate the commission of the crime the person:

"(a)   Solicits or commands such other person to commit the crime; or

"(b)   Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime; or

"(c)   Having a legal duty to prevent the commission of the crime, fails to make an effort the person is legally required to make."

■■   We determine whether, viewing all the evidence in the light most favorable to the state, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Pranger*, 110 Or App 237, 240, 822 P2d 714 (1991), *rev den* 313 Or 75 (1992). We follow the general rule that the least degree of concert or collusion between the parties to an illegal transaction makes the act of one of them the act of them all. *See State v. Moriarty*, 87 Or App 465, 468, 742 P2d 704, *rev den* 304 Or 547 (1987); *State v. Stark*, 7 Or App 145, 152, 490 P2d 511 (1971). Defendant told Schmalz to ask Garcia for cocaine, and Garcia sold cocaine to Schmalz. A rational trier of fact could find that defendant's statement constituted aiding or abetting the crime of delivering cocaine under ORS 161.155(2)(b).

Reversed and remanded for a new trial.