Diane **OTTESON, individually and on behalf of her minor children, Cheyenne Otteson, David Otteson, and Daniel Otteson; Jana Sturmer, individually and on behalf of her minor children, Brandi Knighton, Adam Sturmer, Whitney Sturmer, and Joey Sturmer, Plaintiffs and Appellants,**

v.

**STATE of Utah, DEPARTMENT OF HUMAN SERVICES, OFFICE OF SOCIAL SERVICES; Arlene Bryce; Kelly Powers; Blaine Clayton; Merlene Olsen; Rachel Adams; Judge Franklyn B. Matheson; Officer Sorsen; Division of Family Services; John Does 1–5; Chris Doe; Kirk Doe; Officer Kevin Whirlton; and the Killian Group Home Foster Father, Defendants and Appellees.**

No. 970169–CA.

Court of Appeals of Utah.

Sept. 11, 1997.

Loren M. Lambert, Salt Lake City, for Plaintiffs and Appellants.

Jan Graham and Nancy L. Kemp, Salt Lake City, for Defendants and Appellees.

Before BENCH, GREENWOOD and ORME, JJ.

OPINION

**PER CURIAM:**

This appeal is from the denial of a motion to set aside the judgment under Rule 60(b) of the Utah Rules of Civil Procedure. The appeal is also before the court on appellees' Motion to Strike New Issue and Exhibit from Plaintiffs' Reply Brief. We previously deferred a ruling on the motion to strike until plenary consideration of the appeal.

Anticipating an adverse disposition, appellants' reply brief seeks dismissal of this appeal based upon a claim that service of an additional defendant has reopened the case and rendered the judgment of dismissal entered on July 20, 1995 nonfinal, leaving this court without jurisdiction and the matter still pending in the trial court. The claim relies upon new evidence offered in a reply brief consisting of a twenty-day summons and affidavit of service on Kevin Whirlton, one of the named but unserved defendants in the case. Both service-of-process documents are dated April 10, 1997, which is over a year and a half after the orders of dismissal were entered in this case and over ten months after entry of the order on the post-judgment motion from which this appeal is taken. Appellate courts will not consider new evidence on appeal, *see Low v. Bonacci,* 788 P.2d 512, 513 (Utah 1990), or issues raised for the first time in a reply brief, *see Romrell v. Zions First Natl. Bank,* 611 P.2d 392, 395 (Utah 1980); *Larson v. Overland Thrift & Loan,* 818 P.2d 1316, 1321 n. 5 (Utah.Ct.App.1991). Accordingly, we grant the motion to strike the new issue and exhibit from the reply brief and deny appellant's request for dismissal for lack of jurisdiction.

We next consider the claim in appellants' opening brief that "causes of action against the unserved and unnamed parties have never been properly dismissed," and, as a result, the case was not completely resolved, giving appellants "the option of serving the remaining defendants." A court's initial inquiry should always be to determine whether it has jurisdiction to determine a controversy. *See Varian–Eimac v. Lamoreaux,* 767 P.2d 569, 570 (Utah.Ct.App.1989).

The Utah Supreme Court's order of January 13, 1997, which established law of the case, ruled the "notice of appeal was not filed in a timely manner, except from the order denying plaintiff's motion under Utah Rules of Civil Procedure 60(b)," and limited the appeal "to addressing only issues relating to the denial of Rule 60(b) relief." It is implicit in this order that the July 20, 1995 order of dismissal was considered a final and appealable judgment that commenced the time for taking an appeal, which appellants failed to do in a timely manner.

 The dismissal of all defendants who had been served with process and brought within the district court's jurisdiction was a final and appealable judgment. Failure to dismiss additional named defendants who had not been served at the time of entry of the July 20, 1995 order of dismissal did not leave claims pending in the district court or prevent the entry of final judgment since the unserved defendants were not made parties to the action prior to dismissal. *See Bristol v. Fibreboard Corp.*, 789 F.2d 846, 847 (10th Cir.1986) (holding under federal rule analogous to Utah R. Civ. P. 4(b) that unserved defendants were never made parties to a lawsuit; thus, it was not necessary for the court to enter an order dismissing them prior to entering judgment).[1]

 The Rule 60(b)(7) motion contended the orders of dismissal should be reversed based on *Baker v. Angus*, 910 P.2d 427 (Utah Ct.App.1996). In *Baker*, this court held the trial court erred in dismissing a civil rights claim because the factual allegations were sufficient to survive a motion to dismiss for failure to state a claim. *See id.* at 432. Appellants contended the trial court in this case used the same "faulty reasoning" as did the trial court that was reversed by *Baker*. In denying the Rule 60(b) motion in this case, the trial court did not consider either the motion's timeliness or its merits. Nonetheless, an appellate court "may affirm trial court decisions on any proper ground(s)." *Buehner Block Co. v. UWC Assocs.*, 752 P.2d 892, 895 (Utah 1988). The Rule 60(b) motion

alleged a mistake of law; accordingly, it came within rule 60(b)(1) and must have been brought within three months of entry of the judgment. *See Richins v. Delbert Chipman & Sons*, 817 P.2d 382, 387 (Utah Ct.App. 1991) (stating when the reason for motion comes within subparagraphs (1) through (6), movant cannot rely upon subparagraph (7)). Appellants' motion was not timely filed within three months of judgment. Appellants' additional claim that the judgment is void because the original trial judge later chose to recuse himself is both without merit and not appropriate for consideration for the first time on appeal.

Accordingly, we deny the request to dismiss this appeal for lack of jurisdiction. We also grant the motion to strike the new issue and exhibits included in appellants' reply brief. We affirm the denial of the Rule 60(b) motion on the basis it was not timely filed under the circumstances.

---

1. However, the failure to dismiss or enter judgment against the sole remaining *served* defendant did not adjudicate claims against "all of the defendants who are parties to [the] suit." *Bristol v. Fibreboard Corp.*, 789 F.2d 846, 848(10th Cir. 1986).