**STATE of Utah, Plaintiff and Appellee,**

v.

**Rodney Arthur VESSEY, Defendant and Appellant.**

No. 951820–CA.

Court of Appeals of Utah.

Oct. 22, 1998.

---

Jan Graham and Marian Decker, Salt Lake City, for Plaintiff and Appellee.

Before BILLINGS, GREENWOOD and ORME, JJ.

## OPINION

BILLINGS, Judge:

Defendant appeals his conviction of rape of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–402.1 (Supp.1998). We remand for a hearing on defendant's motion for substitution of his appointed counsel.

## FACTS

Defendant was charged in February 1995, and received appointed counsel. Defendant's appointed counsel appeared at a pretrial hearing and at defendant's arraignment, where defendant pleaded not guilty. One day after his arraignment, defendant filed a pro se motion with the trial court requesting substitution of counsel. In the letter, defendant stated he felt counsel could not represent him because they had a "conflict of interest" and because counsel "refuses evidence I have brought forth ... for defence [sic] of my case." The trial court summarily denied defendant's motion for substitution of counsel, the case proceeded to trial, and defendant was convicted.

Defendant now appeals his conviction of rape of a child. Defendant argues the trial court erred in failing to investigate his request for substitution of counsel at trial, that he received ineffective assistance of counsel, that the prosecution failed to disclose exculpatory evidence, that the trial court erred in denying his motions for a new trial, and that the evidence at trial was insufficient to support the jury's verdict.

## ANALYSIS

I. DID THE TRIAL COURT ABUSE ITS DISCRETION IN FAILING TO INQUIRE INTO DEFENDANT'S COMPLAINTS ABOUT HIS TRIAL COUNSEL, AND, IF SO, WAS THIS REVERSIBLE ERROR?

Three months before trial, defendant requested replacement of his appointed coun-

Rodney A. Vessey, Gunnison, Appellant Pro Se.

sel, claiming that his counsel refused to prepare for trial and that they had irreconcilable conflicts. Defendant argues that the court's failure to inquire into his request for substitution of counsel three months before trial was reversible error.

■ As we held in *State v. Pursifell*, 746 P.2d 270, 272 (Utah Ct.App.1987) (citations omitted), "[w]hether to appoint a different lawyer for an indigent defendant who expresses dissatisfaction with the court-appointed counsel ... is a matter committed to the sound discretion of the trial court and will be reversed only for abuse of discretion." Furthermore, this court held that when a defendant expresses dissatisfaction with counsel,

> the court must make some reasonable, non-suggestive efforts to determine the nature of the defendant's complaints and to apprise itself of the facts necessary to determine whether the defendant's relationship with his or her appointed attorney has deteriorated to the point that sound discretion requires substitution or even to such an extent that his or her Sixth Amendment right would be violated but for substitution. Even when the trial judge suspects that the defendant's requests are disingenuous and designed solely to manipulate the judicial process and to delay the trial, perfunctory questioning is not sufficient.

*Id.* at 273 (citation omitted). In the instant case, the trial court did not conduct any questioning at all, but summarily denied de-

fendant's request the same day it was filed. On appeal, the state concedes that the trial court abused its discretion by failing to conduct any meaningful inquiry into defendant's complaints about his counsel, and we agree.

■ However, the State argues that this error was harmless because defendant has not shown that he received ineffective assistance of counsel at his subsequent trial. Thus, we must determine whether a trial court's failure to investigate a defendant's timely pretrial request for substitution of appointed counsel is reversible error without a showing of actual ineffective assistance by the attorney who remains in the case. This presents an issue of first impression in Utah. Therefore, we look to other jurisdictions for guidance.[1]

Other jurisdictions are divided on this issue.[2] The first line of authority holds that a trial court's failure to inquire into a defendant's request for substitution of counsel is per se reversible error. The second position, however, holds that a trial court's failure to inquire into a defendant's substitution request is reversible error only if the defendant can show that he actually received ineffective assistance from his appointed counsel at trial.[3] We prefer a middle ground, agreeing with the majority rule holding that a trial court's failure to investigate a defendant's timely substitution request is per se error, but eschewing actual reversal until an actual conflict is established between the defendant

---

1. We note at the outset that the defendant in this case made a timely pretrial motion for substitution of counsel. Numerous jurisdictions have held that if a defendant makes a mid- or post-trial motion or even a motion at the threshold of the trial to substitute counsel, the trial court is accorded particularly broad deference to reject motions that it concludes are merely bad faith delaying tactics. *See, e.g., People v. Evans,* 16 Cal.App.3d 510, 94 Cal.Rptr. 88, 93 (Cal.Ct.App. 1971); *see also State v. Brown,* 342 Md. 404, 676 A.2d 513, 520–21 (Md.1996); *Matter of Richardson,* 100 Wash.2d 669, 675 P.2d 209, 213 (Wash. 1983). These precedents are simply not helpful under the facts of this case.

2. We also do not address a line of cases in which a trial court failed to inquire but the defendant or his counsel made sua sponte statements that provided the court with sufficient information for an informed exercise of judicial discretion. *See,*

*e.g., United States v. Padilla,* 819 F.2d 952, 956 (10th Cir.1987) (affirming trial court's denial of motion to substitute where defendant fully stated reasons for substitution request and trial court had enough information to determine request was groundless); *McKee v. Harris,* 649 F.2d 927, 932–33 (2d Cir.1981) (same); *Monroe v. United States,* 389 A.2d 811, 822–23 (D.C.1978) (affirming denial of motion to substitute where defense counsel's sua sponte statements to court were sufficient to establish he provided effective assistance).

3. *See United States v. Zillges,* 978 F.2d 369, 372–73 (7th Cir.1992); *United States v. Young,* 482 F.2d 993, 995 (5th Cir.1973); *United States v. Morrissey,* 461 F.2d 666, 669–70 (2d Cir.1972); *State v. Fields,* 636 S.W.2d 76, 79–80 (Mo.Ct.App. 1982); *State v. Lopez,* 79 Wash.App. 755, 904 P.2d 1179, 1186 (Wash.Ct.App.1995).

and counsel of a magnitude requiring substitution of counsel.

*People v. Marsden,* 2 Cal.3d 118, 84 Cal. Rptr. 156, 465 P.2d 44 (Cal.1970) (en banc), is a leading case supporting this position. In *Marsden,* the trial court summarily denied a motion for substitution of counsel after a cursory examination of the defendant. *See id.* at 45. The trial court based its denial on its subsequent determination that defense counsel's conduct in the court room indicated competency. *See id.* at 46. The California Supreme Court reversed, stating:

> A trial judge is unable to deal intelligently with a defendant's request for substitution of attorneys unless he is cognizant of the grounds which prompted the request. The defendant may have knowledge of conduct and events relevant to the diligence and competence of his attorney which are not apparent to the trial judge from observations within the four corners of the courtroom.

*Id.* at 47. The *Marsden* court concluded that the failure to inquire was clearly prejudicial. "Because the defendant might have catalogued acts and events beyond the observations of the trial judge to establish the incompetence of his counsel, the trial judge's denial of the motion without giving defendant an opportunity to do so denied him a fair trial." *Id.* at 49. Thus, the *Marsden* court held the failure to inquire into the complaints underlying a motion for substitution was by definition prejudicial to a defendant who claimed ineffective assistance.

Similarly, the District of Columbia Court of Appeals has held that failure to inquire merits reversal regardless of whether a defendant can show his right to effective assistance of counsel was actually violated. In *Farrell v. United States,* 391 A.2d 755, 761–62 (D.C.1978), that court articulated the rationale behind this approach.

> By [summarily denying the motion for substitution], . . . the trial court put appellant in the position of choosing between proceeding to trial with counsel who he contended was unprepared—a contention unrebutted of record because of the trial court's failure to properly inquire—or proceeding pro se. This the trial court may

not do. If counsel was unprepared to give effective representation at trial, appellant was constitutionally entitled to the appointment of new counsel. Finding that the rulings of the trial court deprived appellant of his Sixth Amendment right to counsel, we hold that appellant's conviction cannot stand.

*Id.* at 762 (footnote omitted); *see also United States v. Goldberg,* 67 F.3d 1092, 1098 (3d Cir.1995) (stating Sixth Amendment violation occurs when trial court's denial is clearly erroneous "or [court] made no inquiry into the reason for the defendant's request to substitute counsel"); *Marsden,* 84 Cal.Rptr. 156, 465 P.2d at 48–49 (reversing conviction for failure to inquire into substitution of counsel request because trial court's error deprived defendant of right to have ineffective assistance claim adjudicated); *Farrell,* 391 A.2d at 755 (reversing conviction where trial court failed to inquire into substitution request without examining harmfulness of error); *City of Billings v. Smith,* 281 Mont. 133, 932 P.2d 1058, 1063 (Mont.1997) (stating failure to make an initial inquiry into defendant's complaints about counsel was reversible error because it "foreclosed [defendant's] opportunity for a hearing" and remanded to trial court for inquiry to determine whether defendant "had substantial complaints"); *Ohio v. Prater,* 71 Ohio App.3d 78, 593 N.E.2d 44, 47 (Ohio Ct.App.1990) (holding failure to inquire into complaint of counsel was reversible error and remanding for evidentiary hearing on merit of defendant's complaints); *State v. Bargas–Perez,* 117 Or. App. 510, 844 P.2d 931, 932 (Or.Ct.App.1992) (ordering new trial because trial court's "failure to inquire into the nature of the conflict and evaluate the merits of [defendant's] request for a different attorney was reversible error" even where request was untimely); *South Dakota v. Fender,* 484 N.W.2d 307, 309–10 (S.D.1992) (reversing trial court's failure to inquire because it deprived defendant of opportunity to voice his complaints about counsel and remanding for evidentiary hearing to determine if defendant had good cause for requesting substitution); *Melendez v. Salinas,* 895 S.W.2d 714, 715 (Tex.Ct.App.1994) (remanding for hearing on merits of motion

for substitution of counsel where trial court inquiry was insufficient to determine whether defendant had good cause for substitution).

■ By summarily denying defendant's motion in this case, the trial court put the defendant in the position of choosing between proceeding to trial with counsel whom he believed was unprepared and incompatible or proceeding pro se. If counsel was unprepared or unwilling to give effective representation at trial, defendant was constitutionally entitled to the appointment of new counsel. *See Farrell,* 391 A.2d at 762. We agree with the District of Columbia Court of Appeals that "timely judicial intervention at the pretrial stage constitutes an effective mechanism for the prevention of Sixth Amendment deprivations and for the simultaneous preservation of the integrity of the adversary trial process." *Monroe v. United States,* 389 A.2d 811, 819 (D.C.1978).

Furthermore, a trial court's refusal to substitute counsel can only be properly reviewed if the trial court conducts a meaningful inquiry. Only the trial court can conduct a full evidentiary hearing to explore the substantiality of defendant's allegations without reference to subsequent developments and later-acquired knowledge. Such an inquiry is not clouded by the possibility that the defendant's claim may have been motivated simply by his conviction at trial. The pretrial scrutiny not only reduces the likelihood of a post conviction ineffective assistance claim, but also creates a record that reviewing courts can rely upon when an ineffectiveness issue is raised on appeal.

Finally, without a per se rule no incentive exists for a trial court to conduct the appropriate review in a timely manner. We therefore remand this case to the trial court to hold an evidentiary hearing to determine if defendant's complaints about his appointed counsel justified the appointment of substitute counsel. If so, the trial court should grant defendant a new trial. However, if the court determines defendant's request for substitution of counsel was unfounded, the

judgment of conviction would stand as entered.[4] *See, e.g., Bass v. United States,* 580 A.2d 669, 671 (D.C.1990); *City of Billings,* 932 P.2d at 1062–63; *Ohio v. Prater,* 593 N.E.2d at 44.

## II. WAS DEFENDANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL?

We reach the remainder of defendant's claims on appeal in the event the trial judge determines that defendant's motion for substitution of counsel was groundless.

Defendant claims he was denied effective assistance of counsel because his counsel failed to interview and call allegedly exculpatory witnesses and to adequately prepare to question those witnesses who were called.

■ " 'Ordinarily, such a claim [of ineffective assistance of counsel] may only be raised through a collateral attack in habeas corpus proceedings because "the trial record is insufficient to allow the claim to be determined" on direct appeal.' " *Salt Lake City v. Grotepas,* 874 P.2d 136, 138 (Utah Ct.App. 1994) (quoting *State v. Garrett,* 849 P.2d 578, 580 (Utah App.1993) (additional citations omitted)). Thus "ineffective assistance claims raised for the first time on appeal can only be reviewed in 'unusual ... peculiar, narrow circumstances.' " *State v. Cook,* 881 P.2d 913, 915 n. 3 (Utah Ct.App.1994) (quoting *State v. Humphries,* 818 P.2d 1027, 1029 (Utah 1991)) (omission in original). "Those circumstances exist when there is new counsel on appeal and there is an adequate trial record" for us to review defendant's allegations of ineffective assistance of counsel. *State v. Johnson,* 823 P.2d 484, 487 (Utah Ct.App.1991).

■ In this case, defendant has dismissed his counsel and appeals pro se. Thus, he is represented by new counsel on appeal. However, the record is not adequate for us to review defendant's allegations of ineffective assistance. The trial record provides us with

---

4. Some jurisdictions that have adopted the per se reversal rule simply grant defendant a new trial. *See, e.g., Marsden,* 84 Cal.Rptr. 156, 465 P.2d at 48–49; *Farrell,* 391 A.2d at 762; *Oregon v. Bargas–Perez,* 117 Or.App. 510, 844 P.2d 931, 932

(Or.Ct.App.1992). We think the approach we adopt sufficiently protects a defendant's Sixth Amendment rights without burdening the system with new trials when the defendant's complaints lack merit.

none of the facts necessary to establish whether counsel's alleged omissions constitute ineffective assistance of counsel.[5]

### III. WAS DEFENDANT DENIED DUE PROCESS BY THE STATE'S FAILURE TO GIVE HIM EXCULPATORY EVIDENCE AND ITS VIOLATION OF THE WITNESS EXCLUSIONARY RULE?

 Defendant argues his right to due process was violated because the prosecution failed to disclose exculpatory evidence and several state witnesses violated the exclusionary rule. However, defendant failed to raise these issues at trial. As we have stated on numerous occasions, "we generally will not consider an issue, even a constitutional one, which the appellant raises on appeal for the first time." *State v. Webb,* 790 P.2d 65, 77 (Utah Ct.App.1990) (citations omitted). Instead, "some form of *specific* preservation of claims of error must be made a part of the trial court records before an appellate court will review such claims on appeal." *State v. Johnson,* 774 P.2d 1141, 1144 (Utah 1989) (footnote omitted). In this case, defendant failed to object to these alleged errors during the trial and has not demonstrated on appeal that they were plain error. Thus, we decline to address them.

### IV. FAILURE TO REMOVE BIASED JUROR

 Defendant also argues that his right to trial by an impartial jury was violated because the trial court failed to remove a juror who indicated during voir dire that he was friendly with the prosecutor, defense counsel, and deputy sheriff working on the

case. However, defense counsel did not seek to have the juror removed for cause. Defendant, therefore, is precluded from raising this issue for the first time on appeal. *See* Utah R.Crim. P. 12(d); *State v. DeMille,* 756 P.2d 81, 85 (Utah 1988) ("[T]he defendant is precluded from raising the issue [of juror's bias for the first time] by a post trial affidavit.... [Juror's fitness issue] could and should have been raised at voir dire. Yet defense counsel did not raise the matter then, and any such claims are waived once the trial commenced.").

### V. DENIAL OF DEFENDANT'S REQUEST FOR NEW TRIAL

Defendant also argues the trial court abused its discretion in denying his motion for a new trial based on his victim's post-trial recantation. We have already ruled on this claim in *State v. Vessey,* 957 P.2d 1239, 1239 (Utah Ct.App.1998). There, we held that defendant's two motions for a new trial were both untimely. *See id.* Thus, we do not address this claim, as we have already resolved it.

### VI. INSUFFICIENT EVIDENCE TO SUPPORT CONVICTION

Finally, defendant argues that there was insufficient evidence to support his conviction because of his victim's post-trial recanting affidavits. Defendant alleges that his victim's recantation rendered the evidence against him speculative because the main support for the jury's verdict was her original testimony.

---

**5.** Defendant did not request a remand under Rule 23B in this case. Nonetheless, "Rule 23B of the Utah Rules of Appellate Procedure allows this court to remand, on proper motion made by a party to the appeal or the court's own motion, for the purpose of 'entering findings of fact relevant to a claim of ineffective assistance of counsel.'" *Cook,* 881 P.2d at 915 n. 3 (citation omitted). "Our discretion to remand is limited [by Rule 23B], however, in that the claim must have been made *and* 'the motion would have been available to a party.'" *State v. Garrett,* 849 P.2d 578, 581 (Utah Ct.App.1993) (citation omitted). Defendant alleges no facts to support his claims of ineffective assistance of counsel. Also,

defendant does not identify the uncalled witnesses. Nor does he identify specific facets of their testimony that might have helped his case. Defendant's remaining allegations of ineffective assistance are based on his victim's post-trial recantation affidavit, in which she claimed her caseworkers violated the exclusionary rule and intimidated her into giving false testimony. The facts alleged in this affidavit do not, however, support a claim of ineffective assistance. We conclude that defendant has not alleged specific facts outside the record to support his claim of ineffective assistance of counsel. Thus, a Rule 23B motion would not have been available to him.

 "In challenging the sufficiency of the evidence, the burden on the defendant is heavy. Defendant 'must marshal all evidence *supporting* the jury's verdict and must then show this marshaled evidence is insufficient to support the verdict even when viewed in the light most favorable to the verdict.'" *State v. Lemons,* 844 P.2d 378, 381 (Utah Ct.App.1992) (citation omitted). In this case, defendant has failed to meet this burden. Defendant has not marshaled the evidence actually before the jury in his case, nor has he argued that this evidence was insufficient to support the jury's verdict. Instead, defendant relies on post trial affidavits in which his victim recanted her trial testimony. However, these affidavits were not part of the record at trial, and defendant submitted them to the trial court only in his two untimely motions for a new trial. The State has also filed a motion to strike these affidavits from the record on appeal under Rule 23 of the Utah Rules of Appellate Procedure. "[A]ppellate courts of this state do not consider new evidence on appeal." *Finlayson v. Finlayson,* 874 P.2d 843, 847 (Utah Ct.App. 1994); *see also Low v. Bonacci,* 788 P.2d 512, 513 (Utah 1990). Accordingly, we grant the State's motion to strike and conclude that defendant has failed to show that his conviction was not supported by sufficient evidence.

## CONCLUSION

First, we conclude that the district court erred in failing to determine if defendant's complaints about his appointed counsel justified the appointment of substitute counsel. We therefore reverse defendant's conviction and remand this case to the trial court to hold a hearing to determine the validity of defendant's complaints. If defendant's claims are valid, the trial court should grant defendant a new trial. However, if the court determines defendant's claims are without merit, the trial court should re-enter a judgment of conviction.

Further, we conclude that there are not sufficient facts in the record for us to reach defendant's ineffective assistance of counsel claims. We also conclude that because defendant did not raise his claimed due process violations at trial and has not demonstrated

plain error on appeal, we decline to address them. For identical reasons, we conclude that defendant's claim regarding the impartiality of a juror is not properly before this court. Finally, we conclude that defendant has failed to show that his conviction was supported by insufficient evidence.

GREENWOOD and ORME, JJ., concur.